**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4531**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES EDWARD RUSSELL, III, a/k/a Tattoo,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:16-cr-00013-RLV-DCK-1)

Submitted:  April 19, 2018                        Decided:  April 23, 2018

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lynne Louise Reid, L.L. REID LAW, Chapel Hill, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Edward Russell, III, pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court sentenced Russell to a 188-month term of imprisonment, a sentence that fell at the high end of the Sentencing Guidelines range. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) questioning whether the district court imposed a procedurally reasonable sentence because it did not meaningfully consider his nonfrivolous arguments for a downward departure or variance. Russell did not file a pro se supplemental brief and the Government did not file a brief. After a careful review of the record, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. "[T]o satisfy the procedural prong of our review, the district court must . . . consider the defendant's nonfrivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Blue*, 877 F.3d at 517-18.

We have reviewed the record and conclude that the sentence is procedurally reasonable. The district court properly calculated the advisory Guidelines range and

2

sufficiently explained the sentence. The district court adequately considered Russell's nonfrivolous arguments for a downward departure or variance, outlined his particular history and characteristics, and determined that his criminal history and the seriousness of his offense drove its sentencing decision to the high end of the Guidelines range. *See Blue*, 877 F.3d at 518-19. Accordingly, there was no procedural error in the district court's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Russell's conviction and sentence. This court requires that counsel inform Russell, in writing, of the right to petition the Supreme Court of the United States for further review. If Russell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Russell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*